Dorothy H. MARTIN, Plaintiff,

v.

ITT COMMERCIAL FINANCE CORP., Equilaw Incorporated, and American Arbitration Ass'n, Defendants.

Civ. No. 93–1002–R.

United States District Court, W.D. Virginia, Roanoke Division.

Jan. 30, 1995.

Dennis P. Brumberg, Brumberg & Wall, Roanoke, VA, for plaintiff.

M. Caldwell Butler, Woods, Rogers & Hazlegrove, P.L.C., J. Scott Sexton, Gentry, Locke, Rakes & Moore, Roanoke, VA, Donald J. Walsh, Wright, Constable & Skeen, Baltimore, MD, for defendants.

## *MEMORANDUM OPINION*

WILSON, District Judge.

This is an action by Dorothy H. Martin against ITT Commercial Finance Corporation (ITT), Equilaw Incorporated (Equilaw), and the American Arbitration Association (American Arbitration) for the stay of arbitration proceedings pursuant to Virginia Code § 8.01–581.02(B). Since the amount in controversy, exclusive of interest and costs, exceeds $50,000 and Martin is a citizen of Virginia, ITT a citizen of Nevada, Equilaw a citizen of Minnesota, and American Arbitration a citizen of New York, this court has diversity jurisdiction under 28 U.S.C. § 1332. Martin claims that ITT may not initiate arbitration proceedings against her under an arbitration agreement that she did not sign. ITT has filed a motion to dismiss on the grounds that Martin's contentions must be raised in the arbitration proceedings themselves and not in federal court. After hearing arguments on the matter, the court concludes that whether Martin and ITT, in fact, have an arbitration agreement is an issue properly determined by the court. Accordingly, the court will deny ITT's motion to dismiss.

### I.

In April of 1990, the New River Camping Center, Inc. (New River Camping) obtained financing from ITT for the purchase of inventory. As part of the loan agreement, New River Camping gave ITT a security interest in its property and assets and agreed to arbitrate any disputes that arose in conjunction with the loan. In addition, several individuals interested in the success of New River Camping executed personal guarantees of New River Camping's unconditional performance of its obligations to ITT. The individual guarantees included agreements to arbitrate future disputes. ITT alleges that Dorothy H. Martin executed one of those individual guarantees.

In 1993, New River Camping defaulted on its loan, and ITT demanded payment in full. Failing to obtain satisfaction of its loan, ITT filed a claim with an arbitration firm, Equilaw, against New River Camping and the alleged individual guarantors of the loan, including Dorothy Martin. Martin requested dismissal of the claim against her on the grounds that she never signed a personal guarantee of New River Camping's loan nor authorized another to sign in her stead. Equilaw refused to dismiss Martin from the arbitration proceeding, however, and advised Martin to raise her argument as a defense to ITT's claim. Martin then filed an application to stay arbitration in the Circuit Court of the City of Radford pursuant to Virginia Code § 8.01–581.02(B).[1] ITT removed Martin's action to federal court and filed a motion to dismiss on the grounds that Martin's contentions should be resolved through arbitration and not by the judiciary. ITT's motion is now before the court.

---

1. Shortly thereafter, Equilaw filed bankruptcy in the United States Bankruptcy Court for District of Minnesota. The bankruptcy court issued an order permitting the transfer of Equilaw's arbitration contracts to another arbitration firm. Accordingly, Equilaw's contract with ITT was transferred to American Arbitration.

**826**

## II.

■ On a motion to dismiss, the court must view the allegations in the complaint in the light most favorable to the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Revene v. Charles County Comm'rs,* 882 F.2d 870, 872 (4th Cir.1989).

■ ITT seeks dismissal of this action because, it argues, Martin's challenge to the arbitration agreement should be settled through arbitration proceedings and not by the judiciary. Martin contends that the court, and not an arbitrator, must determine whether she, in fact, entered into an arbitration agreement with ITT. The court finds that the issue of whether an arbitration agreement exists is one for judicial determination. Accordingly, the court will deny ITT's motion to dismiss.

■ The duty to arbitrate a dispute arises only when the relevant parties have entered into a contract mandating such: "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960)). When a contract for arbitration is clearly established, all disputes identified in the arbitration contract must be decided through arbitration proceedings. In contrast, whether an arbitration agreement exists is for the court to determine, not the arbitrator: "Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *Id.,* 475 U.S. at 649, 106 S.Ct. at 1418. *See Local 637 I.B.E.W. v. Davis H. Elliot Co.,* 13 F.3d 129, 131 (4th Cir.1993).

■ The issue here, whether Martin agreed to arbitration, falls directly within the court's purview. Although ITT has produced a copy of an individual guaranty of New River Company's loan that is signed in Mar-

tin's name and that provides for arbitration of all disputes arising under it, Martin denies that she signed the guaranty or authorized another to sign it. As such, Martin levels a fundamental challenge to the existence of an arbitration contract. Thus, the immediate question is whether the parties agreed to arbitrate—an issue properly decided by the court.

## III.

For the reasons stated above, the court will deny ITT's motion to dismiss.

